349 P.2d 722

**DAVIS COUNTY BOARD OF EDUCATION For the Use and Benefit of ANDERSON LUMBER COMPANY, a Utah corporation, Plaintiff and Respondent,**

v.

**J. Loyd UNDERWOOD, Defendant,**

**Phoenix Insurance Company of Hartford, Connecticut, a Connecticut corporation, Defendant and Appellant.**

No. 9113.

Supreme Court of Utah.

Feb. 24, 1960.

Cannon & Hanson, Salt Lake City, for appellant.

Ray, Quinney & Nebeker, C. Preston Allen, Stephen B. Nebeker, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

This is an action by Anderson Lumber Company, supplier, against J. Loyd Underwood, contractor, and his surety, Phoenix Insurance Company, for the value of materials furnished in construction of the South Davis Junior High School in Davis County, Utah. At pre-trial conference it

was agreed that there was due Anderson $11,320.16. An issue was reserved for trial: whether the defendant Phoenix was entitled to an offset of $7,713.66, which Underwood had paid Anderson and the latter had applied upon Underwood's personal note, rather than upon the materials account. From adverse jury findings and judgment, Phoenix appeals.

Underwood's contract with the Davis County Board of Education was to complete the school job by September 2, 1956. But due to several adverse factors, including inclement weather and a bricklayers' strike, the construction was prolonged many months past that date. He finally wound up unable to meet his obligations and Phoenix, as his surety, was called upon to pay for the materials in question.

The facts pertinent to Phoenix' claim of the offset above referred to are: that in May, 1956, during the time this job was under construction, Underwood remitted to Anderson two checks aggregating $11,790.-51, which overpaid his account on that date, leaving him a credit balance of $305.31. At that time, or a day or two thereafter, Anderson agreed to lend him $7,300, for which he gave an interest bearing demand note. It is upon the facts surrounding the payment of that note that the controversy over the claimed offset devolves.

In February, 1957, when the job was still considerable distance from completion, Un-derwood made a payment of $10,000 by check to Anderson. On the voucher attached to it he wrote: "Please pay note and apply balance to account." Anderson followed this direction and applied $7,713.66 to pay off the note, interest and service charge upon it, and applied the rest to the materials account. Phoenix' contention is that the funds represented by the check came from the Davis County School job; that therefore they all should have been applied to the payment for the materials on that job; and that the payment of Underwood's note as set forth above represents a fraud upon it accomplished by collusion between him and Anderson to impose the liability upon Phoenix as surety to pay for the materials.

In support of the above contention, Phoenix points to these circumstances: that the payment on the note was made after Underwood was obviously in trouble on the contract; that it was several months beyond the completion date for the work; and that although much remained to be done, he had withdrawn all but $7,500 of the money payable on the job. As a further circumstance suggesting the likelihood of Underwood's connivance with Anderson to protect the latter by making Phoenix pay for the materials, attention is also called to the fact that Anderson had given Underwood aid by making representations to Phoenix as to his integrity to enable him to get the bond in the first place; and further, that at the time of the claimed $7,300 loan,

148

Underwood's financial statement showed he had a credit balance of about $20,000.

█ It may well be that the foregoing circumstances could have been regarded by the fact trier as sufficient to find collusion and fraud and that such findings would have been sustained as a matter of law. However, we are not confronted with that question. The issues of fact were submitted to the jury and it did not find the foundational facts to support Phoenix' theory. We review the evidence in the light most favorable to the special verdicts found and to the judgment, and would reverse only if the evidence clearly preponderated the other way.[1]

Phoenix' contention that Anderson was obliged to apply the money in question to the materials account could only be predicated upon hypothesis that the funds came from the job to which the materials were furnished. The jury did not so find.

Interrogatory No. 1 was in substance as follows:

No. 1 Do you find by the preponderance of the evidence that the money paid on February 4, 1957, was received for work done on the addition to the South Davis Junior High School?

Ans.: No.

Nor did the jury find that Anderson knew any such fact:

No. 2 Do you find by a preponderance of the evidence that the money * * * came from the Davis County School Board * * * and that Anderson Lumber Company knew it came from that source?

Ans.: No.

█ In view of the findings indicated by the above answers we see no duty obliging Anderson to apply the money to the materials account for the Davis County School job, or in any manner other than as directed by Underwood. It would seem quite impracticable to impose the duty upon a material supplier dealing with a contractor to inquire as to the source of money paid; and there would certainly be no duty to apply the money to any particular job when he didn't know the source of it.[2] And this is especially so where in order to do so he would have to go contrary to the express directions of his customer.[3]

█ Appellant Phoenix also assigns error contending that the judgment on its cross-complaint against Underwood was for less than the debt it must pay as his surety.

1. See Dairy Distributors v. Local Union No. 976, 8 Utah 2d 124, 329 P.2d 414.
2. See Salt Lake City v. O'Connor, 68 Utah 233, 249 P. 810, 49 A.L.R. 941; Utah State Building Comm. v. Great American Indemnity Co., 105 Utah 11, 140 P.2d 763.
3. See, discussion in Utah State Building Comm. v. Great American Indemnity Co., footnote 2, supra.

It is, of course, plain that the judgment of the surety, Phoenix, against its principal, Underwood, should be for the same amount it has become obligated to pay in his behalf.

Judgment affirmed. Costs to respondent.

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.